484 P.2d 632

**STATE of Arizona, Appellee,**

**v.**

**Manuel N. BETANCOURT, Appellant.**

**No. 2183.**

Supreme Court of Arizona,
In Banc.
May 5, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Former Asst. Atty. Gen., Phoenix, for appellee.

Clay G. Diamos, Tucson, for appellant.

HAYS, Vice Chief Justice.

The defendant, Manuel N. Betancourt, was charged and found guilty of the crime of armed robbery. The testimony elicited in the court below showed that Betancourt and three other men drove an automobile to Larry's Hideout, a bar in Tucson, Arizona, for the purpose of robbing it. One of the men, Antonio Soza Moreno, walked into the bar before the others to check it out. After he returned outside, Betancourt and the other two men, Rudy Hernandez and Joseph Madrid Fimbres, went into the bar and proceeded to hold it up at gunpoint, emptying the cash register. They then joined Moreno in the car and drove away from the bar.

Betancourt, Fimbres, and Moreno, each with separate counsel, were all tried together as co-defendants in the crime. Hernandez was not tried at that time and it is his testimony which forms the basis for Betancourt's appeal.

During cross-examination of Hernandez, the attorneys for Moreno and Fimbres attempted to establish that their clients had been coerced into committing the crime by Betancourt. Neither Moreno nor Fimbres took the stand. Hernandez testified that it was Betancourt who chose to stop at Larry's Hideout and who encouraged the others to go ahead with the crime when there was some hesitancy on their part.

At the close of the state's evidence, Fimbres and Moreno made motions for directed verdicts on the grounds that they had been coerced into committing the crime. Betancourt moved for a directed verdict on the ground that there was no showing that any property of the purported victim was taken, and thus that robbery was not established.

At the close of all the evidence and after the jury had retired to deliberate, Betancourt moved for a mistrial on the grounds that the matter should have been severed as to himself. It was the court's refusal to grant the motion at that time which is Betancourt's sole issue on appeal.

The law as to the severance of trials is set forth in Rule 254, Rules of Criminal Procedure, 17 A.R.S. wherein it is stated that defendants jointly charged with an offense shall be tried together unless the trial court in its discretion orders separate trials. This court has held that only where there is an abuse of discretion will the decision of the trial court on the matter of severance be reversed. State v. Goodyear, 98 Ariz. 304, 404 P.2d 397 (1965).

The defendant Betancourt failed to raise the issue of severance until after the case had gone to the jury. It was obvious during the cross-examination of Hernandez by the attorneys for Moreno and Fimbres, that coercion by Betancourt was their defense. The motion to sever was not timely raised under the facts of this case, hence there was no abuse of discretion.

Affirmed.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.